[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12265

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JASON EMILE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:17-cr-60202-AMC-3

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Jason Emile appeals his sentence of 10-months' imprisonment for six supervised release violations. Mr. Emile argues that the district court's sentence—which was at the top of the advisory range under the Sentencing Guidelines—was substantively unreasonable because the district court placed improper weight on his previous noncompliant behavior and did not properly consider his age, immaturity, and mental health issues. Additionally, Mr. Emile argues that the sentence was substantively unreasonable because the district court did not properly weigh and consider his time served in state confinement for two of the underlying offenses that formed the bases for some of the supervised release violations.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Federal law requires a district court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes listed under § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(2). Other § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Sentencing

Guidelines, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* § 3553(a)(1), (3)–(7).

The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *See United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). More generally, a district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering proper factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

We have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors. *See Shabazz*, 887 F.3d at 1224 (quotation marks omitted). A district court does not have to give all the sentencing factors equal weight and is given discretion to attach more weight to one factor over another. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the guideline range. *See id.* at 1259–60. But it maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the guideline range. *See id.* at 1259.

We do not apply a presumption of reasonableness to sentences within the advisory guideline range, but we ordinarily expect such a sentence to be reasonable. *See United States v. Stanley*,

739 F.3d 633, 656 (11th Cir. 2014).  We will vacate a sentence based on substantive unreasonableness if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

The relevant factors include "any pertinent policy statement." § 3553(a)(5).  The introduction to Chapter Seven of the U.S. Sentencing Guidelines provides that "at revocation the [sentencing] court should sanction primarily the defendant's breach of trust . . . . [and] the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b).  A sentence resulting from a supervised release violation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f).

Here, the district court's 10-month sentence is not substantively unreasonable. The district court did not place improper weight on Mr. Emile's prior noncompliant conduct and exercised its discretion in weighing the 18 U.S.C. § 3553(a) factors and the relevant facts.  Furthermore, it was not an abuse of discretion to sentence Mr. Emile to the high end of the advisory guideline range, despite his state confinement.  Mr. Emile committed six supervised release violations (including attempted theft and trespassing), and

21-12265               Opinion of the Court                    5

a penalty for supervised release violations is to be imposed in addition or consecutive to penalties resulting from the underlying violating offenses.  *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b).

**AFFIRMED.**